Welch, J.
It is quite clear to us that this execution was issued contrary to law, and that the court erred in refusing to set the same and the levy made under it aside. There was no judgment or order of court authorizing any such execution. The court made no order for the sale of lot No. 6, nor did it order execution to issue against any certain person or persons for the unpaid installments of dower. The order of the court was, that these installments should be paid by the parties in partition, or their representatives or assigns, and in default that execution should issue therefor. This order is void for uncertainty. A judgment against A or B is no valid judgment against either A or B, and is simply void. There was no judgment here against the parties in partition. It was a judgment against them, or their representatives or assigns, who were no parties to the proceeding, and over whom the court had acquired no jurisdiction. It is argued that the order or judgment of the court touching the dower is void for the further reason, that in proceedings under the statute for partition the court *276 has no power to assign dower except by metes and bounds. We think otherwise. The court, in our judgment, has the same powers in partition cases, as to the manner of assigning dower, as it has upon petition for dower under the dower act. But this objection could not avail, even if the-law were otherwise, because the court had jurisdiction of the subject-matter, the assignment of dower, and if it erred as to the manner of assigning dower, the judgment, though erroneous, would still be valid until impeached by direct proceeding in error. We think, however, that there was-no error in assigning the widow’s dower in this special form, and making it a lien or charge upon the lot named, but that the widow has mistaken her remedy, which should be by a new action or proceeding to enforce the lien, and not by an attempt to take out execution under the order.

Motion granted, judgment reversed, and execution and levy set aside.

McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurred.